IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY MOSES, | : | CIVIL NO. 1:CV-05-0684 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| TROY WILLIAMSON, | : | |
| Respondent | : | |

## MEMORANDUM AND ORDER

Roy Moses ("Moses"), a federal inmate incarcerated at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the Federal Bureau of Prisons (BOP) has incorrectly computed credit due on his federal sentence. (Doc. 1). Also filed was a memorandum in support of the petition. (Doc. 2). A timely response was filed. (Doc. 10). Moses then filed a reply. (Doc. 11). The petition is presently ripe for disposition. For the reasons set forth below, the petition will be granted in part and denied in part.

I. Background.

On June 4, 1998, Moses was sentenced in the Court of Common Pleas of Philadelphia County to three and one-half to fourteen years imprisonment for robbery and possessing instruments of crime. On April 6, 2001, Moses was arrested by the Philadelphia Police Department on firearms charges.

On September 26, 2001, The Eastern District of Pennsylvania issued a writ of habeas corpus *ad prosequendum* for Moses in connection with federal charges of possession of a firearm by a convicted felon. He was returned to Pennsylvania state authorities on March 23, 2003. On May 28, 2003, Moses was again subject to a writ of habeas corpus *ad prosequendum* by the Eastern District of Pennsylvania for sentencing. On June 6, 2003, Moses received a sentence of fifty months imprisonment, three years supervised release, and a $100.00 fine. The issue of credit for time served was discussed at sentencing.

Moses' attorney stated that "[j]ust my understanding is that his sentence, what might happen afterwards, dates from April 6th, twenty oh one (2001) the date of the arrest." Judge Buckwalter replied "Yes. I don't know what - - after that was he in federal custody?" Counsel represented that Moses was in federal custody until September 26, 2001.[1] Judge Buckwalter replied: "Well, I want him to receive the proper credit for the federal custody he has, toward this sentence, so any federal custody he had before today, he should receive credit for." (Doc. 1, p. 4).

Moses was returned to Pennsylvania state custody on June 11, 2003. At that time, the United States Marshal's Service placed a detainer against Moses. On November 4, 2003, Moses was released from his Pennsylvania state sentence to the federal detainer and primary custody was transferred to the federal authorities.

Despite the above exchange with Judge Buckwalter regarding credit for time served, the judgment did not specify that Moses was to receive credit for time served. (Doc. 10-2, pp. 6-13). However, in response to correspondence authored by Moses, Judge Buckwalter indicated to Moses that he "intended that you should receive proper credit for federal time served. That credit is normally computed by the Bureau of Prison, not the Court." (Doc. 2, p. 5).

On May 10, 2004, Moses submitted a request for prior custody credit. His request was forwarded to the BOP Northeast Regional Office for consideration of a "*nunc pro tunc*" designation which would allow Moses' sentence to commence on the date of his federal sentencing, rather than the date on which custody was transferred to the BOP. A letter was forwarded to the sentencing judge, Judge Buckwalter, stating as follows:

---

[1] The date provided to Judge Buckwalter by counsel was not accurate as Moses was in federal custody from September 26, 2001, until March 23, 2003, and again from May 28, 2003 until June 11, 2003.

> At the time of federal sentencing, comments or recommendations were not made to the effect that the federal sentence could run concurrent with the undischarged term of imprisonment imposed by the state.
>
> It is the preference of the Bureau of Prisons that the federal sentencing Judge be given an opportunity to make a recommendation which, while not binding, can be helpful in our determination of whether to grant or deny a request for nunc pro tunc designation. Should the designation be granted, the Bureau will commence Mr. Moses' federal sentence on a date it was imposed. If it was the Court's intent that the federal sentence run consecutive to the state sentence, the federal projected release date of June 21, 2007, will remain as currently computed.
>
> Please advise us as to the Court's intent at the time of sentencing or, in the absence of such intent, whether the Court now objects to the concurrent running of the federal sentence.

(Doc. 10-2, p. 18). Judge Buckwalter indicated that he did not object to the concurrent running of the sentence. (*Id.*) Moses was therefore granted a "*nunc pro tunc*" designation to allow the sentence to commence on June 6, 2003. Hence, he received credit from June 6, 2003, until November 4, 2003, when he was turned over to federal authorities.

The BOP denied his request for additional credit pursuant to 18 U.S.C. §3585(b) because he was serving his Pennsylvania state sentence during this time period and the time was credited to that state term.

II. Discussion.

A petition for writ for habeas corpus under § 2241 is the proper vehicle for relief "where the petitioner challenges the effects of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.1976), and where he challenges the execution of his sentence rather than its validity. See United States v. Addonizio, 442 U.S. 178, 185-88 (1979); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001). Thus, Petitioner has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. Barden v.

Keohane, 921 F.2d 476, 478-79 (3d Cir.1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992), 18 U.S.C. § 3585, and the Attorney General has delegated the authority to the Director of the Bureau of Prisons. 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences and, (2) consideration of any credit to which petitioner may be entitled.

Section 3585(a) governs the commencement of service of a federal sentence and provides that a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this case, Moses requested, and was afforded, a *nunc pro tunc* designation which resulted in his federal sentence commencing on June 6, 2003, the date of sentencing, as opposed to the date he was received in federal custody.

Credit for time served is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit towards another sentence. "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).

4

In this case, although Moses was transferred to federal custody prior to his federal sentencing pursuant to a writ of habeas corpus *ad prosequendum*, he remained in the primary custody of Pennsylvania. See Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000).[2] ("[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."). Moses received credit towards his state sentence for the period he was in custody pursuant to the writ of habeas corpus *ad prosequendum*. The statute provides that, "no credit may be given toward a federal sentence for time that has previously been credited toward any other sentence." See 18 U.S.C. §3585(b). See also Rios, 201 F.3d at 272-73. Thus, he is not entitled to an award of § 3585(b) credit toward his federal sentence for that time.

However, Moses also raises the issue of a "section 5G1.3" adjustment. (Doc. 2). Federal law, specifically, 18 U.S.C. § 3584[3] and section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G."), allows a sentencing court to award a concurrent sentence to a defendant that is subject to an undischarged term of imprisonment. In such situations, § 5G1.3, which constrains a sentencing

---

[2]Although Rios was superseded by statute on other grounds as recognized in United States v. Saintville, 218 F.3d 246 (3d Cir. 2000), the federal custody issue was not affected.

[3]"If multiple terms of imprisonment are imposed on a defendant at that same time, or if a term if imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Subsection (b) continues: "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3553(a), in turn, lists a number of factors--such as "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed"--to be considered by the sentencing court.

court's discretion to adjust a sentence under §3584, is intended to coordinate the sentencing process "with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (*i.e.*, had all of the offenses been prosecuted in a single proceeding)." Id. at 404-05.  The text of section 5G1.3 of the Guidelines consists of the following three subsections:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

There is no indication that Moses committed his offense while incarcerated and he represents that the offenses were unrelated. (Doc. 11, p. 4).  As such, the catch all provision, § 5G1.3(c), applies.

The sentencing court's authority under §5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. §3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same.  Ruggiano v. Reish, 307 F.3d 121, 131-33 (3d Cir. 2002).  The "adjustment" that the sentencing court exclusively can award under §5G1.3(c) is a sentence reduction designed to account for time spent in custody on a prior conviction.  To determine the type of credit the sentencing court intended, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives." Rios, 201 F.3d at 264 (3d Cir. 2000).

This case is analogous to the Rios case. In Rios, the prisoner claimed that he was entitled to sentencing credit for time he spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, even though that time was also credited to his state sentence. Rios was convicted on drug charges in state court and then taken into federal custody to face unrelated charges. At his sentencing, the court expressed an intention to afford credit for time served in federal custody and the judgment provided that the sentence would run concurrently with the state sentence and he was to "receive credit for time served." Rios, 201 F.3d at 260-61. The court concluded that the sentencing court had applied section 5G1.3(c) at sentencing to impose a reduced term of imprisonment to reflect that the prisoner had already served time in federal custody on an unrelated state conviction, and directed the BOP to recalculate his sentence accordingly.

As in Rios, the extended time Moses spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, while serving a state sentence, is at issue. At sentencing, the court expressed an intention to afford credit for time served in federal custody. Despite the exchange between the judge and counsel at sentencing, the judgment did not specify that Moses was to receive credit for time served. (Doc. 10-2, pp. 6-13). However, in response to correspondence authored by Moses, Judge Buckwalter clearly indicated that he intended Moses to receive proper credit for federal time served. Further, although the judgment failed to specify the manner in which the federal sentence was to run in conjunction with the state sentence, in response to a letter from the BOP concerning Moses' request for a *nunc pro tunc* designation, Judge Buckwalter indicated that he did not object to the concurrent running of the federal and state sentences.

Based on the above, the court concludes that in order to give effect to the sentencing court's intent, it must be concluded that the sentencing court applied U.S.S.G. § 5G1.3(c) at sentencing to

impose a reduced term of imprisonment to reflect that Moses had already served time in federal custody and should receive credit for that time. Thus, the BOP erred in failing to afford credit for that time. The petition will granted in part and the matter will be remanded to the BOP with a directive that Moses receive credit for the following dates: September 26, 2001, until March 23, 2003, and May 28, 2003 until June 5, 2003.[4] The petition will be denied inasmuch as Moses seeks credit for time other than the above dates, which represent time spent in federal custody.

III. Order.

**AND NOW**, this 17th day of November 2005, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus is GRANTED IN PART and DENIED IN PART.

2. The matter is GRANTED inasmuch as the matter is hereby REMANDED to the Bureau of Prisons. The Bureau of Prisons shall forthwith recalculate Moses' sentence computation to reflect a sentence credit for the following time periods: September 26, 2001 until March 23, 2003, and May 28, 2003, until June 5, 2003.

3. Respondent shall CERTIFY to the Court, within ten days, that Moses has been afforded the above credit to his sentence.

4. The petition is DENIED inasmuch as Moses seeks credit for time other than the above dates.

                    S/ Yvette Kane
                    Yvette Kane
                    United States District Judge

---

[4] Although Moses was in custody pursuant to the writ until June 11, 2003, due to the *nunc pro tunc* designation, he received credit from June 6, 2003, forward. Therefore, credit can only be given up to and including June 5, 2003.